UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG ANTHONY GELBER,

Plaintiff,

v.

CITY OF WILLITS, et al.,

Defendants.

Case No.  23-cv-00681-JSC

**ORDER RE: MOTION TO DISMISS; MOTION FOR APPOINTMENT OF COUNSEL**

Re: Dkt. Nos. 31, 34

Craig Anthony Gelber, who is representing himself, brings this lawsuit against the City of Willits, the City of Willits Water Department, and several individual defendants for disconnecting his water utility service while he was pursuing an adverse possession claim on a property.  On July 21, 2023, the Court granted Defendants' motion to dismiss and ordered Plaintiff to file an amended complaint.  Plaintiff has since filed his amended complaint as well as a motion for appointment of counsel, and Defendants have again moved to dismiss.  (Dkt. Nos. 31, 33, 34.[1]) Having considered the parties' briefs and having had the benefit of oral argument October 19, 2023, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss and DENIES the motion for appointment of counsel.

## BACKGROUND

### A.  First Amended Complaint Allegations

In October 2020, Plaintiff identified a property located at 283 Sherwood Road, Willits, California he believed to be abandoned.  (Dkt. No. 33, First Amended Complaint (FAC) at ¶ 37.) Plaintiff decided to attempt an adverse possession claim and invested a total of $79,929.57 in

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1    cleaning up the property.  (*Id*. at ¶¶ 37, 39.)

2         Two months later, Plaintiff went to City Hall and submitted an application for water

3    service.  (*Id*. at ¶ 43.)  The application and deposit were accepted, he was assigned a customer

4    account number, and water service began the following day.  (*Id*. at ¶ 43.)  In January 2021,

5    Defendant Bowles personally delivered Plaintiff a letter from the City's Utility Billing Department

6    which "request[ed he] provide documentation supporting your right to reside in and obtain

7    utilities."  (*Id*. at ¶ 45; Dkt. No. 33-6 (Ex. E).[2])  The letter stated Plaintiff needed to provide

8    "verifiable documentation" by February 1, 2021 or his water service would be disconnected.  (*Id*.)

9    On January 25, 2021, Plaintiff responded by letter explaining he had "an owner interest in the

10   property as I am claiming adverse possession."  (Dkt. No. 33-7 (Ex. F).)  Plaintiff stated he had

11   paid the property taxes and requested if the City still intended to turn off the water he would

12   invoke Municipal Code Section 14.80.010 and "ask that a special agreement or arrangement

13   between the city and myself be accepted subject to such terms and conditions as might be required

14   as set forth in a resolution of the city counsel." (*Id*.)

15        Plaintiff did not receive a response to his letter and water service was shut off on February

16   1, 2021.  (Dkt. No. 33 at ¶¶ 50-51.)  A week later, the water meter was removed, and the following

17   day, the property was red-tagged.  (*Id*.)  On February 10, 2020, Plaintiff hand delivered a letter

18   requesting "a special circumstance exemption in an attempt to address his grievance and obtain

19   due process."  (*Id*. at ¶ 52; Dkt. No. 33-9 (Ex. H).)  A week later, Plaintiff received a letter from

20   Mr. Bowles stating the water was disconnected because he misrepresented his status as an owner

21   and the City had not received documentation indicating he had been "granted permission or

22   ownership of the property" such that the "City is under no obligation to correspond with you

23

24   [2] When ruling on a Rule 12(b)(6) motion, district courts may consider documents attached to the
     complaint, documents incorporated by reference into the complaint, and matters of judicial notice
25   without converting a motion to dismiss into one for summary judgment. *United States v. Ritchie*,
     342 F.3d 903, 908 (9th Cir. 2003). Documents not attached to a complaint whose contents are
26   alleged and whose authenticity no party questions may be incorporated by reference into a
     complaint if the plaintiff's pleading refers extensively to the document or the document forms the
27   basis of the plaintiff's claims. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th
     Cir. 2012); *Ritchie*, 342 F.3d at 908.  Defendants have not disputed the authenticity of the
28   documents attached to the FAC and the Court finds it appropriate to consider them under the
     incorporation by reference doctrine.

1   further." (Dkt. No. 33-10 (Ex. I).)  Plaintiff thereafter submitted a written "request for relief on

2   water service application" under Willits Ordinance § 14.04.060.  (Dkt. No. 33-11 (Ex. J).)

3   Plaintiff did not receive a response.  (Dkt. No. 33 at ¶ 54.)

4        On June 9, 2020, after four months of no water, Plaintiff attended a city council meeting

5   via Zoom and asked to have his grievance heard, but he was told to speak to Brian Bender, the

6   Willits City Manager.  (*Id*. at ¶ 55.)  Plaintiff subsequently went to City Hall to speak with Bender,

7   but he refused to speak with Plaintiff.  (*Id*. at ¶ 56.)  "Plaintiff struggled without water on a day-to-

8   day basis for 408 days, from 02/02/2021 until 03/15/2022."  (*Id*. at ¶ 67.)

9        **B.  Procedural Background**

10       Plaintiff filed this action on February 15, 2023.  After Defendants moved to dismiss his

11  complaint, Plaintiff filed an opposition brief conceding dismissal was proper as to some of his

12  claims and seeking leave to amend his complaint.  (Dkt. No. 21, 24, 28.)  The Court granted the

13  motion to dismiss with leave to amend and Plaintiff filed the now operative First Amended

14  Complaint. (Dkt. Nos. 29, 33.)  Plaintiff brings claims against the City of Willits, Brian Bender as

15  the City Manager, Madge Strong as the Mayor, and Davey Bowles a City Building Inspector/Code

16  Enforcement Officer alleging (1) denial of due process under the Fourteenth Amendment; (2)

17  violation of the Unruh Civil Rights Act, Cal. Civ. Code § 52.1; (3) violation of the Bane Act, Cal.

18  Civ. Code § 52.1; (4) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51; (5) breach of

19  contract; (6) breach of the implied covenant of good faith and fair dealing; (7) negligence; and (8)

20  specific performance.  Plaintiff, who is representing himself, also filed a motion for appointment

21  of counsel.  (Dkt. No. 31.)

22                                    **DISCUSSION**

23  **I.    Motion to Dismiss**

24       Defendants move to dismiss each of Plaintiff's eight claims for relief.

25       **A.  Section 1983 Claim**

26       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right

27  secured by the Constitution or laws of the United States was violated, and (2) the alleged violation

28  was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48

United States District Court
Northern District of California

1   (1988).  While Plaintiff references the Fifth and Fourteenth Amendments in his first claim for

2   relief under Section 1983, his opposition brief clarifies he only pleads substantive and procedural

3   due process claims under the Fourteenth Amendment against the City and Defendants Bender and

4   Strong. (Dkt. No. 35 at 8; Dkt. No. 33 at ¶¶ 73-77.)

5              **1.  Substantive Due Process Claim**

6              "Substantive due process forbids the government from depriving a person of life, liberty,

7   or property in such a way that 'shocks the conscience'" or "interferes with the rights implicit in the

8   concept of ordered liberty." *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (cleaned up).

9   Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Brittain v.*

10  *Hansen*, 451 F.3d 982, 990 (9th Cir. 2006).  "[S]ubstantive-due-process cases [require] a careful

11  description of the asserted fundamental liberty interest."  *Washington v. Glucksberg*, 521 U.S. 702,

12  721 (1997).

13             Plaintiff has not alleged the denial of a fundamental right entitled to substantive due

14  process protection.  In his opposition brief, Plaintiff contends the claim relates to the "fundamental

15  right to acquire property through adverse possession."  (Dkt. No. 35 at 8.)  This alleged right,

16  however, is not alleged in the FAC.  Instead, while the FAC uses the phrase "substantive due

17  process rights," Plaintiff's allegations are based on his procedural due process rights.  (Dkt. No. 33

18  at ¶ 74 ("[Defendants] deprived Plaintiff of his substantive and procedural due process rights

19  under the U.S. Constitution by refusing to allow him to appeal the disconnection of his water

20  service.") ¶ 77 ("Defendants acted unlawfully when their actions and decisions deprived Plaintiff

21  of his protected interest by denying him an appeal after shutting off his water.").)

22             Further, even assuming he had attempted to allege a violation of a right to acquire property

23  through adverse possession, he does not cite any case remotely recognizing a fundamental right to

24  acquire property by adversely possessing another's property.

25             Accordingly, Plaintiff's substantive due process claim is dismissed.

26             **2.  Procedural Due Process**

27             Procedural due process protects individuals against the depravation of liberty or property

28  by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904

United States District Court
Northern District of California

4

1    (9th Cir. 1993). For purposes of due process, a person has a protected property interest in a benefit

2    only if they "have a legitimate claim of entitlement to it." *City of Castle Rock v. Gomez*, 545 U.S.

3    748, 756 (2005).

> State law can create a right that the Due Process Clause will protect
> only if the state law contains (1) substantive predicates governing
> official decisionmaking, and (2) explicitly mandatory language
> specifying the outcome that must be reached if the substantive
> predicates have been met. To create a right protected by the Due
> Process Clause, the state law must provide more than merely
> procedure; it must protect some substantive end.

8    *James v. Rowlands*, 606 F.3d 646, 656–57 (9th Cir. 2010) (cleaned up); *see also Bonin v.*

9    *Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) ("In order to create a liberty interest protected by due

10   process, the state law must contain: (1) 'substantive predicates' governing official decisionmaking,

11   and (2) 'explicitly mandatory language' specifying the outcome that must be reached if the

12   substantive predicates have been met").

13         Plaintiff appears to argue he had a protected liberty interest in water service.  But he does

14   not identify any statutes or ordinances that contain substantive predicates governing official

15   decisionmaking about providing water service to squatters, or to anyone for that matter; nor does

16   he identify any statute with explicitly mandatory language specifying the outcome that must be

17   reached if the substantive predicates are satisfied.  His reliance on the California Water Code's

18   statement that "every human being has the right to safe, clean, affordable, and accessible water

19   adequate for human consumption, cooking, and sanitary purposes," Cal. Water Code § 106.3, is

20   insufficient as that statute does not contain any substantive predicates.

21         Plaintiff also cites to Willits Municipal Code §§ 14.04.060 and 14.52.020.  But these

22   ordinances merely provide procedures for challenging water decisions.  Plaintiff arguably alleges

23   the city manager did not follow Ordinance 14.52.020.[3]  But "[t]o create a right protected by the

24

25   _____

26   [3] Ordinance 14.52.020 - Appeal to board, provides:  **"**Should a customer be unable to have his
     complaint resolved by the water department supervisor, or should he object to the water
27   department supervisor's decision, he may make appeal to the city manager. After receipt of all
     necessary information a decision by the city manager shall be rendered within thirty days and shall
28   be final."

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Due Process Clause, the state law must provide more than merely procedure; it must protect some

2    substantive end." *James*, 606 F.3d at 656–57.  No substantive end is protected by the right to

3    appeal; in other words, the ordinance does not contain "explicitly mandatory language specifying

4    the outcome."  *Id.*  So, Plaintiff's procedural due process claim must be dismissed.

5              **3.  Qualified Immunity**

6              The procedural due process claim against the individual defendants fails for a second,

7    related reason: Bender and Strong are entitled to qualified immunity.  "The doctrine of qualified

8    immunity shields officials from civil liability so long as their conduct 'does not violate clearly

9    established statutory or constitutional rights of which a reasonable person would have known.'"

10   *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam).  "To be entitled to qualified immunity at the

11   motion to dismiss stage, an officer must show that the allegations in the complaint do not make

12   out a violation of a constitutional right or that any such right was not clearly established at the

13   time of the alleged misconduct." *Hampton v. California*, No. 22-15481, 2023 WL 6406760, at *7

14   (9th Cir. Oct. 3, 2023). "[D]ismissal is not appropriate unless we can determine, based on the

15   complaint itself, that qualified immunity applies." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir.

16   2023) (quoting *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)).  The court must resolve all

17   factual disputes in favor of the party asserting the injury.  *See Ellins v. City of Sierra Madre*, 710

18   F.3d 1049, 1064 (9th Cir. 2013).

19             Defendants insist Mr. Bender, as the city manager, is entitled to qualified immunity

20   because there is no clearly established law "finding a city manager's denial of a proposed meeting

21   agenda, or refusal to further consider providing water service to an unlawfully occupied property,

22   violates any constitutional right." (Dkt. No. 34 at 23.)  Ms. Strong, the mayor, is entitled to

23   qualified immunity because "[n]o clearly established law prohibited a mayor similarly situated to

24   Strong, and under factually similar circumstances, from simply serving as mayor."  (*Id*. at 23.)

25   The Court agrees.  Plaintiff has not met his burden of establishing Defendants' actions violated

26   clearly established law.  *Polanco v. Diaz*, 76 F.4th 918, 930 (9th Cir. 2023).  Indeed, as explained

27   above, Plaintiff has not met his burden of showing Defendants' action violated procedural due

28   process, let alone clearly established procedural due process law.

### 4. *Monell* Claim

To state a claim for municipal liability under Section 1983, a plaintiff must allege: (1) the plaintiff was deprived of a constitutional right; "(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted). There can be no municipal liability without an underlying constitutional violation. *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). A *Monell* claim can proceed under three theories of municipal liability: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cty.*, No. C 12-1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citing *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010)). Whichever theory is alleged, the plaintiff must plead facts showing "the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011); *see also City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."). Further, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Tuttle*, 471 U.S. at 823-24.

Plaintiff's *Monell* claim is based on the City's policies (1) requiring proof of the right to reside on a property to obtain water service, and (2) requiring anyone not owning a property to have a written agreement from the owner or property manager to obtain utilities. (Dkt. No. 33 at ¶ 4; Dkt. No. 33-6 (Ex. E).) As explained above, Plaintiff has not sufficiently alleged a substantive or procedural due process violation. The *Monell* claim thus fails. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("*Monell* claims [] require a plaintiff to show an underlying constitutional violation.").

United States District Court
Northern District of California

United States District Court
Northern District of California

**5.  Official Capacity Claim as to Strong**

Plaintiff agrees to withdraw his 1983 claim against Ms. Strong in her official capacity. (Dkt. No. 35 at 12.)

***

Accordingly, the Court grants the motion to dismiss the substantive and procedural due process claims, as well as the *Monell* claim.

**B.  Unruh Act Claims**

Plaintiff's second and fourth claims are based on the Unruh Act.  The Unruh Civil Rights Act provides:

> All persons within the jurisdiction of [California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). Plaintiff alleges the City of Willits water department is a business under the Unruh Act and "[f]or an arbitrary or personal reason, Defendants prevented Plaintiff from using [its] services by cancelling his service because they did not like that Plaintiff was pursuing an adverse possession claim."  (Dkt. No. 33 at ¶¶ 82-85, 87.)

Defendants insist Plaintiff's Unruh Act claim fails because it is not a business establishment.  "The everyday meaning of 'business establishments' — even with the statute's expansive 'of every kind whatsoever' clause — conveys reference to commercial entities, those whose principal mission is the transactional sale of goods or services." *Brennon B. v. Superior Ct.*, 13 Cal. 5th 662, 674 (2022), reh'g denied (Aug. 31, 2022); *see also Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 622 (1995) (holding an entity qualifies as a business establishment for purposes of the Unruh Act when it "appears to have been operating in a capacity that is the functional equivalent of a commercial enterprise.").  In considering whether business establishments encompass public as well as private entities, the California Supreme Court noted the legislative "history shows that the Unruh Civil Rights Act is focused on the actions of private actors. Its predecessor statute was enacted in response to the curtailment of the federal

8

1    government's ability to legislate on the conduct of private entities, and we find nothing in the

2    legislative history of the Act to indicate that it drastically expanded California's public

3    accommodation law by imposing liability on public entities." *Brennon B.*, 13 Cal. 5th at 678–79.

4    *Brennon*, however, did not impose a bright line rule and instead focused on whether the school

5    district was "effectively operat[ing] as a business or a commercial enterprise or "enga[ing] in

6    behavior involving sufficient 'businesslike attributes.'" *Id.* at 681.  Because the school district

7    was not doing so when providing educational services to the plaintiff, it was not a business

8    establishment under the Unruh Act.

9            Here, there are no allegations which support an inference the City and the water

10   department were engaging in a "commercial enterprise" when they declined to provide water

11   services absent proof of ownership. "Although government entities may constitute 'business

12   establishments,' courts have declined to impose liability under the Unruh Act when the alleged

13   wrongful acts did not relate to a business function." *Ryan v. Cnty. of Imperial*, No. 21CV1076-

14   JO-KSC, 2022 WL 4819656, at *10 (S.D. Cal. Sept. 29, 2022) (collecting cases).

15           Plaintiff's Unruh Act claims also fail because he has not alleged he is a member of a

16   protected class.  The Unruh Act protects against discrimination based on sex, race, color, religion,

17   ancestry, national origin, disability, medical condition, genetic information, marital status, or

18   sexual orientation. Plaintiff's allegation that he is a 57-year old white male pursuing an adverse

19   possession claim does not plausibly suggest membership in a protected class.  (Dkt. No. 33 at ¶

20   86.)

21           Accordingly, Plaintiffs' Unruh Act claims are dismissed.

22       **C.  Bane Act Claim**

23           Plaintiff alleges a violation of the Bane Act, Cal. Civ. Code § 52.1, in his third claim for

24   relief.   (Dkt. No. 33 at ¶¶ 90-97.)  "The Bane Act civilly protects individuals from conduct aimed

25   at interfering with rights that are secured by federal or state law, where the interference is carried

26   out 'by threats, intimidation or coercion.'" *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040

27   (9th Cir. 2018); *see* Cal. Civ. Code § 52.1(a)–(b). "Speech alone is not sufficient to support [a

28   Bane Act claim], except upon a showing that the speech itself threatens violence" against the

United States District Court
Northern District of California

9

1    person, and the person "reasonably fears that, because of the speech, violence will be committed

2    against them or their property and that the person threatening violence had the apparent ability to

3    carry out the threat." Cal. Civ. Code § 52.1(k). "[T]he Bane Act does not require the 'threat,

4    intimidation or coercion' element of the claim to be transactionally independent from the

5    constitutional violation alleged." *Reese*, 888 F.3d at 1043 (citing *Cornell v. City & County of San

6    Francisco*, 17 Cal. App. 5th 766, 798–99 (2017)).

7         The FAC does not allege facts supporting Plaintiff's Bane Act claim. Plaintiff has not

8    alleged Defendants threatened violence against him, or they engaged in any acts that rose to the

9    level of intimidation and coercion within the meaning of the Bane Act.   Plaintiff's allegations

10    Defendants "threatened" to disconnect his water if he didn't produce a deed or title policy,

11    "intimidated" him by ignoring him, and "intimidated and coerced" him into making an offer to

12    Deutsche Bank to purchase the property, are insufficient to state a Bane Act claim.  (Dkt. No. 33 at

13    ¶¶ 92-94.)   "Speech is insufficient to establish the requisite threat unless it includes threat of

14    violence." *Julian v. Mission Cmty. Hosp.*, 11 Cal. App. 5th 360, 395 (2017) (cleaned up).

15         Accordingly, Plaintiff's Bane Act claim is dismissed.

16    **D.  Breach of Contract**

17         Plaintiff's fifth claim for relief is for breach of contract, which Plaintiff clarifies in his

18    opposition brief is based on an implied contract theory.  (Dkt. No. 33 at ¶¶ 91-96; Dkt. No. 35 at

19    15-16.)   To establish a breach of contract under California law, a claimant must show: "(1) the

20    contract, (2) the [claimant's] performance or excuse for nonperformance, (3) [the opposing

21    party's] breach, and (4) the resulting damages to [the claimant]." *Rutherford Holdings, LLC v.

22    Plaza Del Rey*, 223 Cal. App. 4th 221, 228 (2014). "A cause of action for breach of implied

23    contract has the same elements as does a cause of action for breach of contract, except that the

24    promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers

25    Guild of Am., Inc*., 161 Cal.App.4th 172, 182 (2008).

26         Plaintiff alleges the parties entered into a contract for the City to provide water service

27    when the City accepted Plaintiff's application for water service, assigned him a customer account

28    number, and accepted his initial deposit.  (Dkt. No. 33 at ¶ 92.)   The City breached this agreement

United States District Court
Northern District of California

when it shut off his water service on February 8, 2021 and removed the water meter although he

had timely paid all the bills.  (*Id*. at ¶ 94.)  Defendants insist these allegations are insufficient to

state a claim for breach of contract because the "FAC fails to show mutual assent by the City to

provide water service to property that was unlawfully occupied pursuant to an adverse possession

bid for eventual ownership."  (Dkt. No. 38 at 19-20.)  Defendants' contention Plaintiff

misrepresented certain facts with respect to his application could be a basis for a counterclaim or

an affirmative defense.  *See Grady v. Easley*, 45 Cal. App. 2d 632, 642 (1941) ("One who has

been induced to enter into a contract by false and fraudulent representations may rescind the

contract; or he may affirm it, keeping what he has received under it, and maintain an action to

recover damages he has sustained by reason of the fraud; or he may set up such damages as a

complete or partial defense if sued on the contract by the other party.").  But it does not fit within

mutual assent and the arbitration cases Defendants' cite do not support their theory.

Accordingly, the motion to dismiss Plaintiff's implied breach of contract claim is denied,

except that it is granted as to the individual defendants.  Plaintiff does not allege and cannot allege

an implied contract with the individual defendants in addition to the City.

### E.  Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's sixth claim for relief is for breach of the implied covenant of good faith and fair

dealing.  The claim is predicated on the same allegations as the breach of contact claim as well as

allegations Defendants breached the covenant of good faith and fair dealing by failing to provide

procedural due process to allow him to redress his grievances regarding water service.  (Dkt. No.

33 at ¶ 99.)  Defendants contend the claim fails for the same reason as the breach of contract

claim.  Because the Court has denied the motion to dismiss the breach of contract claim, it denies

the motion to dismiss the breach of the implied covenant of good faith and fair dealing as well,

except as to the individual defendants.

### F.  Negligence

A negligence claim under California law requires (1) "the existence of duty (the obligation

to other persons to conform to a standard of care to avoid unreasonable risk of harm to them)"; (2)

"breach of duty (conduct below the standard of care)"; (3) "causation (between the defendant's act

1   or omission and the plaintiff's injuries)"; and (4) damages. *Merrill v. Navegar*, 26 Cal. 4th 465,

2   500 (2001). The existence of duty is "the threshold element of a cause of action for negligence,"

3   and "[w]hether this essential prerequisite has been satisfied in a particular case is a question of

4   law." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1196-97 (9th Cir. 2001) (internal quotation

5   marks and citation omitted).

6          Plaintiff's seventh claim for relief alleges the City, as well as individual defendants

7   Bender, Bowles, and Strong, owed Plaintiff the

8              duty(ies) to exercise reasonable care including, but not limited to: the
9              duty to comply with all applicable state and local laws governing
            Plaintiff's rights as a water customer and as an owner pursuant to their
10            own ordinance definition of owner, the duty to recognize and respect
            the Human Right to Water as codified in Cal. Water Code § 106.3,
11            the duty to not obstruct Plaintiff's full use and occupancy of his
            residence, the duty to abide by their own ordinances and statutory
12            laws of California and the laws under the U.S. Constitution, the duty
            to abide by the oaths they took to uphold the Constitution, the duty to
13            allow Plaintiff to appeal their water disconnection, the duty to
            consider that an allowance could be made in light of the COVID-19
14            pandemic by which leaving the Plaintiff without water service would
            result in a "significant threat" to tenant or public health or safety [Pub.
15            Util. C. §§ 777.1(e)(5), 10009.1(e)(5),12822.1(e)(5) & 16481.1(e)(5)]
            and the duty to act as a reasonable and prudent person would act under
16            the same or like circumstances.

17   (Dkt. No. 33 at ¶ 103.)

18          Defendants insist the claim fails as to the City because it is immune absent a statutory basis

19   for liability.  Plaintiff does not appear to oppose dismissal on these grounds, and in any event, has

20   not identified a statute giving rise to liability here.  (Dkt. No. 35 at 17.)   *See Guzman v. Cnty. of*

21   *Monterey*, 46 Cal. 4th 887, 897 (2009) ("Under the Government Claims Act (Gov. Code, § 810 et

22   seq.), there is no common law tort liability for public entities in California; instead, such liability

23   must be based on statute.").  To the extent Plaintiff relies on California Civil Code Section 1714's

24   general principle of duty of care, this is insufficient.  Plaintiff must identify "a mandatory duty

25   imposed by an enactment that is designed to protect against the risk of a particular kind of injury."

26   *See* Cal. Gov't Code § 815.6 ("Where a public entity is under a mandatory duty imposed by an

27   enactment that is designed to protect against the risk of a particular kind of injury, the public entity

28   is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the

1    public entity establishes that it exercised reasonable diligence to discharge the duty.")

2          Plaintiff also has not identified a basis for his claim the individual defendants owed him a

3    legal duty with respect to the human right to water, not to obstruct his occupancy and use of the

4    property, to abide by their own oaths, and to allow him to appeal the disconnection of his water

5    service. *See Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021), reh'g denied (May 12, 2021)

6    ("Duty is not universal; not every defendant owes every plaintiff a duty of care. A duty exists only

7    if the plaintiff's interests are entitled to legal protection against the defendant's conduct.")

8    (cleaned up); *Id*. at 214 ("Section 1714 states a broad rule, but it has limits. We have explained

9    that the law imposes a general duty of care on a defendant only when it is the defendant who has

10   created a risk of harm to the plaintiff, including when the defendant is responsible for making the

11   plaintiff's position worse." (cleaned up).

12         Accordingly, the motion to dismiss Plaintiff's negligence claim is granted.

13         **G.  Specific Performance**

14         Plaintiff's eighth claim for relief is entitled "specific performance" and seeks damages

15   pursuant to a "fee schedule."  (Dkt. No. 33 at ¶ ¶ 108-114.)  In his opposition brief, Plaintiff

16   clarifies this is not a stand alone claim, but a basis for his damages for his breach of the covenant

17   of good faith and fair dealing claim.  (Dkt. No. 35 at 17-18.)  Defendants' motion to dismiss the

18   separately pled specific performance claim is therefore granted.

19         **II.      Motion to Strike**

20         Pursuant to Rule 12(f), a court may "strike from a pleading an insufficient defense or any

21   redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) does

22   not authorize a district court to strike a claim for damages on the ground that such damages are

23   precluded as a matter of law." *Whittlestone, Inc. v. Handi–Craft Co*., 618 F.3d 970, 971 (9th Cir.

24   2010). Here, Defendants move to strike Plaintiff's (1) request for equitable relief; (2) request for

25   punitive and exemplary damages; (3) request for attorneys' fees; and (4) certain paragraphs and

26   exhibits.  (Dkt. No. 34 at 31-35.)  The first three bases are not the proper subject of a motion to

27   strike.  *See, e.g*., *Shruhan v. Apple Inc*., No. 5:22-CV-05498-EJD, 2023 WL 6391497, at *8 (N.D.

28   Cal. Sept. 29, 2023) ("[I]t is procedurally improper to bring a motion to strike punitive damages

United States District Court
Northern District of California

13

1    because punitive damages do not fall under any of [Rule 12(f)'s] five enumerated categories."); *Yu*

2    *v. Design Learned, Inc*., No. 15-CV-05345-LB, 2016 WL 3541046, at *8 (N.D. Cal. June 29,

3    2016) (holding Rule 12(f) was not the proper avenue to strike a prayer for attorneys fees even

4    where plaintiff was pro se).

5           As to Defendants' request to strike certain language and exhibits as irrelevant and

6    immaterial, the Court is mindful Plaintiff is proceeding without the benefit of attorney

7    representation, and thus his pleadings are not held to the same stringent standards as those drafted

8    by attorneys. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  "Given the limited importance of

9    pleadings in federal litigation, attempting to strike specific, potentially unnecessary sentences in a

10   given pro se pleading is not the proper use of a Rule 12(f) motion, nor is it a valuable use of the

11   parties' or the Court's resources."  *David Calderon v. San Bernardino Cnty. Sheriffs et al*., No. 20-

12   CV-01688 FLA MAR, 2023 WL 6190727, at *3 (C.D. Cal. Aug. 30, 2023).

13          Accordingly, Defendants' motion to strike is denied.

14   **III.    Motion for Appointment of Counsel**

15          "[T]he appointment of counsel in a civil case is ... a privilege and not a right." *Gardner v.*

16   *Madden*, 352 F.2d 792, 793 (9th Cir. 1965); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.

17   2009) (stating "[g]enerally a person has no right to counsel in civil actions"). The Court "may

18   under exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C.

19   § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). To determine whether "exceptional

20   circumstances" are present, the "court must evaluate the likelihood of success on the merits as well

21   as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal

22   issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

23          The Court concludes exceptional circumstances are not present here.  The likelihood of

24   Plaintiff's success on the merits is unclear at this early stage in the litigation and Plaintiff has been

25   able to articulate his claims pro se and file numerous pleadings setting forth his legal claims. In

26   addition, Plaintiff has consulted and may continue to consult the Legal Help Desk for free legal

27   assistance regarding his claims.

28          The motion for appointment of counsel is denied. (Dkt. No. 31.)

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  The motion is denied as to Plaintiff's breach of contract claim and claim for breach of the covenant of good faith and fair dealing as to the City, but it is otherwise granted in full.  As this is the Court's first substantive order on Plaintiff's claims, he is granted leave to amend to attempt to fix the deficiencies this Order identifies.  Any amended complaint must be filed by **November 15, 2023**.  Plaintiff is reminded he may contact the Legal Help Center for free assistance by calling 415-782-8982 or emailing fedpro@sfbar.org.

Defendants motion to strike is DENIED.

Plaintiff's motion for appointment of counsel is DENIED.

This Order disposes of Docket Nos. 31, 34.

**IT IS SO ORDERED.**

Dated: October 23, 2023

JACQUELINE SCOTT CORLEY
United States District Judge